560 A.2d 758

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Allen BORDERS, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 10, 1987.

Decided June 27, 1989.

162

Howard Kaiser, for appellant.

Gaele McLaughlin Barthold, Deputy Dist. Atty., Ronald Eisenberg, Chief, Appeals Div., JoAnn M. Verrier, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

We granted allocatur in the instant matter to address the issue of whether Appellant should have been permitted to utilize the juvenile criminal records of a prosecution witness for the purpose of establishing possible bias or motive for his testimony. The trial court determined that the use contemplated by Appellant was improper and forbade its use. The Superior Court, in a memorandum opinion, af-

firmed that determination, 359 Pa.Super. 625, 515 A.2d 616 (1986). For the reasons which follow, we reverse.

Facts necessary to decide this matter reveal that Appellant was arrested for aggravated assault and criminal conspiracy in the stabbing of Mark Rideout in Philadelphia on February 15, 1984. It was alleged that Appellant acted in consort with Donald Dean and the two were tried together. Following a jury trial, Appellant was convicted of the charges and sentencing followed.

At trial, Appellant's counsel sought to examine Rideout about his juvenile record for the purpose of establishing possible motive or bias due both to the substantial nature of that record and also to Rideout's pending juvenile charges which were lodged subsequent to his stabbing and identification of Appellant as the perpetrator.

The trial court allowed Appellant's counsel to inspect Rideout's juvenile record but, following an in-camera hearing, denied his request to interrogate the witness on that record on the theory that the two pending charges against Rideout were only arrests and, citing our decision in *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978), determined that the record could only be used as to actual adjudications and not merely arrests. (Notes of Testimony, Vol. II, December 7, 1984).

On appeal the Superior Court determined that Appellant had failed to present any argument to the trial court asserting how the use of the record could show bias in the witness and affirmed the trial court's decision.

Presently, Appellant contends that under our decision in *Slaughter*, witness Rideout's pending juvenile adjudications form a basis for establishing the possible bias of the witness in that there exists the possibility of Rideout testifying in an "effort to secure more lenient disposition of pending juvenile delinquency adjudications." *Slaughter*, 482 Pa. at 552, 394 A.2d at 460.

Appellant further points to our holding in *Commonwealth v. Evans*, 511 Pa. 214, 512 A.2d 626 (1986), to

support the use of Rideout's juvenile record notwithstanding the pending nature of the charges. In *Evans*, we allowed the use of pending *adult* criminal charges to establish the motive or bias of an adult prosecution witness. Appellant contends that the outcome should not vary in a juvenile situation.

The Commonwealth counters these arguments by attempting to distinguish these cases, arguing that in the matter *sub judice*, the pending juvenile charges were not lodged until *subsequent* to the attack and identification of Appellant by Rideout. They further argue that allowing the use of the juvenile charges in this situation would serve only to smear the character of the witness. They emphasize that this is more true where it is the victim of the crime who is the subject of the attempted impeachment. We disagree.

As both parties have correctly pointed out, this court has consistently held that the failure to allow a criminal defendant to use a prosecution witness' prior criminal record to establish a possible motive for giving unfavorable testimony against him violates that defendant's right to full confrontation of that witness as provided by the Sixth Amendment of the federal constitution, *Commonwealth v. Slaughter, supra; Commonwealth v. Evans, supra; Commonwealth v. Grace Simmon*, 521 Pa. 218, 555 A.2d 860 (1989). These holdings are consistent with the U.S. Supreme Court's holding in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), interpreting the Confrontation Clause in terms of the use of a juvenile record for purposes of showing the motive or bias of a key prosecution witness.

As the Commonwealth correctly points out, the unique feature of the case before us is that the acts forming the basis of the juvenile adjudications sought to be used by Appellant occurred *subsequent* to the criminal act and identification of Appellant by the key prosecution witness, the victim, Mark Rideout.

While this factor appears indeed appealing as a point of departure from our prior holdings, especially in light of the

fact that the prosecution witness here is also the victim, we find no compelling reason to alter the present rule. Indeed, the victim, as accuser, must be subject to the utmost scrutiny if his accusations are to fairly form the basis of the criminal prosecution at hand. The strength or weakness derived from an attempt to show that the victim has some ulterior motive for continuing his role as an accuser due to subsequent acts, bringing him into the sphere of influence of the prosecutor, must rightly be determined by the jury, which, after hearing all the evidence in the matter before them, will be most able to ferret out the presence or absence of improper motive on the part of the victim.

In so holding we remain convinced that the better course in instances such as the present is to favor the defendant's ability to fully and freely challenge the testimony and evidence of the prosecution with whatever tools are at his disposal, so long as that use can be justified by an offer of relevance to the proceedings.

In the instant matter, the Appellant's attempt to use the prosecution witness' subsequent juvenile matters to establish a corrupt motive cannot be said to be totally irrelevant. The presence of the charges ostensibly brought the witness into the influence of the prosecution, for better or worse, and that happenstance was a relevant area of exploration by Appellant, regardless of its perceived weakness by the Commonwealth.

Accordingly, the case is remanded to the Court of Common Pleas of Philadelphia for retrial of Appellant.[1]

Papadakos, J., files a Dissenting Opinion.

PAPADAKOS, Justice, dissenting.

I cannot agree with the Majority in this case because it fails to give dispositive weight to the crucial fact that the witness-victim had voluntarily and willingly identified his attacker long before he incurred juvenile charges which

1. Because we grant Appellant a new trial, we need not address his only additional allegation of error, that he was denied the right to a jury charge highlighting inconsistencies in the testimony of the victim.

form the basis of the alleged potential bias. It is clear to me that such a factual circumstance eliminates any underlying inference of partiality derived from undue pressure.

At the time of the witness-victim's identification statement to the police, he could not be seeking, or laying the groundwork, for leniency if he were thereafter caught in future criminal charges. This scheme is so remote and implausible as to be totally irrelevant for use in the case *sub judice* to warrant pure speculation as to bias by the jury. Furthermore, there is absolutely no suggestion or evidence at trial that this witness-victim may have become an unwilling witness needing deals from the Commonwealth before testifying against his attacker.

The point of the law quoted by the majority in support of its holding is that there must be a reasonable potential for bias on the part of the witness. Here the witness-victim was free of that disability at the time he made the identification. Moreover, I distinguish both *Commonwealth v. Slaughter*, 482 Pa. 538, 394 A.2d 453 (1978) and *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) on their differences with the facts of the instant case: those cases involved witnesses who had legal shadows hanging over them at the time the crimes were committed and presumably when they first gave information to the police. Davis, in fact, specifically articulated that "At the time of the trial and at the time of the events Green testified to, Green was on probation." 415 U.S. at 311, 94 S.Ct. at 1107, 39 L.Ed.2d at 350.

I am convinced that the majority opinion glosses over a crucial distinction by concluding that there is no "compelling reason to alter the present rule." The matter is not so simple. By rushing to presume the predicate that such a witness may be currying favoritism from the authorities by his testimony at trial, the majority overlooks the probability that any such predisposition was undercut by prior inculpatory information given before he took the witness stand. The Superior Court was correct, therefore, in affirming the trial court's determination that there was no showing by the

Appellant of bias on the part of the witness. I fear that the majority is certifying unsubstantiated charges.