566 A.2d 252

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Jeffrey D. HILL, Appellant.**

Supreme Court of Pennsylvania.

Argued May 5, 1989.

Decided Nov. 17, 1989.

Ralph W. Thorne, Williamsport, for appellant.

Kenneth A. Osokow, Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

We allowed appeal in this matter to determine the propriety of permitting a defendant to cross-examine a prosecution witness as to his prior guilty plea for which sentence has yet to be imposed. The purpose of such questioning is to attempt to establish a possible prosecution bias in the witness due to the pendancy of sentence and the implied

control the Commonwealth might exercise over that sentence if the witness' testimony is not favorable to the prosecutor's theory of the case. Both lower courts denied Appellant the use of such cross-examination, but for the reasons which follow, we reverse.

Appellant was arrested and charged with simple assault and recklessly endangering another person. The purported victim of this crime, Timothy Flook, testified on behalf of the Commonwealth at trial, and was it's main witness.

Mr. Flook, prior to trial, had pleaded guilty to burglary and related offenses in an unrelated matter and was awaiting sentencing. Appellant, pre-trial, sought permission to cross-examine Mr. Flook as to his guilty plea and pending sentencing in an attempt to show bias on the part of the witness. The trial court denied this request on the grounds that, absent sentence in the matter, the plea was not a final conviction.

The Superior Court, 375 Pa.Super. 617, 541 A.2d 28, in affirming the trial court's refusal to allow such cross examination, relied on two of its own pronouncements, *Commonwealth v. Williams*, 346 Pa.Super. 456, 499 A.2d 1089 (1985) and *Commonwealth v. Finkelstein*, 191 Pa.Super. 328, 156 A.2d 888 (1959). *Williams*, citing *Finkelstein*, set forth the rationale that:

> Although it is proper to cross-examine concerning specific convictions of crimes affecting the credibility of the witness, the crimes must be those for which a sentence has been imposed. In *Commonwealth v. Palarino*, 168 Pa.Super. 152, 156, 77 A.2d 665, 667, it was said: "With respect to impeachment of witnesses by records of previous convictions, it has been decided that 'conviction' must be given its strict technical meaning. Neither a verdict nor a plea will, without more, suffice...." Id. at 333–34, 156 A.2d at 892.

*Williams*, 499 A.2d at 1092.

This court, however, has consistently held that the that the right to cross examination is essential to the protections granted under the Sixth Amendment Confrontation Clause

of the U.S. Constitution and Article 1, Section 9 of our State Constitution. *See, Commonwealth v. Peetros,* 517 Pa. 260, 535 A.2d 1026 (1987), *Commonwealth v. Slaughter,* 482 Pa. 538, 394 A.2d 453 (1978). As such, it is the policy of this court to allow full cross-examination so long as it is relevant to the search for the truth of the matter under trial. This is especially true where the witness sought to be discredited is a major witness against the defendant and whose covert reasons for testifying in the matter must be allowed to be exposed. *See, Peetros (supra ).*

As Appellant correctly points out, this court has held, under similar facts, that:

... whenever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.

The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise a doubt in the mind of the jury as to whether the prosecution witness is biased. It is not for the court to determine whether the cross-examination for bias would affect the jury's determination of the case.

*Commonwealth v. Evans,* 511 Pa. 214, 512 A.2d 626–627 (1986).

We emphasize that we must review each fact situation on a case by case basis to determine the relevance of the proposed testimony of the witness, for without relevance

the testimony is prohibited ab initio. In the present situation, as it was in *Peetros*, the witness sought to be examined is the chief complaining witness. In addition, the witness here was also the purported victim, which the Commonwealth purports should be the dominant factor in our determination.

While counsel for the Commonwealth strenuously argues that the testimony of a victim of a crime cannot be affected by the possible effects of a delayed sentencing in the victim's subsequent misdeed, that determination is one by it's very nature best left to the jury's deliberation and is not to be decided through the speculation of either the prosecutor or this court.

Having said this, we find it was error for the trial court and subsequently the Superior Court to forbid Appellant the opportunity to cross examine the victim/witness as to his guilty plea prior to the imposition of sentence in that matter. Insofar as *Commonwealth v. Williams, (supra )* and *Commonwealth v. Finkelstein, (supra )* reach contrary conclusions, they are hereby specifically rejected.

Order of the Superior Court reversed and a new trial granted.

LARSEN and McDERMOTT, JJ., concur in the result.