652 A.2d 885

**COMMONWEALTH of Pennsylvania**

v.

**David E. DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 21, 1994.

Filed Jan. 11, 1995.

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before McEWEN, TAMILIA and BROSKY, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence entered following appellant's conviction for attempted rape.[1] Appellant presents two issues for review: (1) whether trial counsel was ineffective in failing to impeach the credibility of the victim with evidence of her pending criminal charges; and (2)

---

1. 18 Pa.C.S.A. § 901(a) (attempt); 18 Pa.C.S.A. § 3121(1) and (2) (rape).

whether trial counsel was ineffective in failing to preserve this issue for appellate review. For the reasons set forth below, we vacate the judgment of sentence and remand for further proceedings consistent with the following discussion.

Before addressing the merits of appellant's claims, we will briefly recount the relevant facts. During the early afternoon hours of March 2, 1993, appellant, David Davis, encountered the female victim. Appellant and the victim went to appellant's residence where they engaged in various acts of ordinary and deviate sexual intercourse.[2] The victim departed from appellant's residence and immediately apprised the police of the incident. As a result, appellant was arrested and charged with various offenses.

A jury trial was held from November 17 through November 22, 1993 following which appellant was acquitted of all offenses except for the act of attempted rape. Post-trial motions were filed by trial counsel. In addition, appellant was granted leave to file *pro se* supplemental post-trial motions. All of appellant's post-trial motions were denied and he was sentenced to a term of five (5) to ten (10) years imprisonment. Appellant then initiated this timely appeal therefrom.

Both of appellant's allegations of error implicate the ineffectiveness of trial counsel. In order for appellant to prevail on these issues he must show: (1) that the underlying claim is of arguable merit; (2) that the particular course of conduct of counsel did not have some reasonable basis designed to effectuate his interests; and (3) that counsel's ineffectiveness prejudiced him, *i.e.*, that absent counsel's ineffec-

---

**2.** The victim indicated that appellant forced her into his residence by holding a gun to her back and threatening to kill her. The victim further claimed that appellant raped her, forced her to perform several episodes of fellatio and had attempted to engage in anal sex. Appellant, however, testified that the victim agreed to engage in consensual sexual intercourse with him in exchange for his payment of the sum of $40.00. Appellant further admitted that the victim performed an act of fellatio on him. Appellant denied that he attempted to anally rape the victim; rather, appellant indicated that such contact was accidental and inadvertent. Appellant stated that after the completion of these activities, the victim demanded her money. When appellant refused to pay, the victim became upset and left appellant's residence.

tiveness, the result in his case would have been different. *Commonwealth v. Howard*, 538 Pa. 86, ——, ——, 645 A.2d 1300, 1304, 1305 (1994). To establish the element of prejudice, appellant must demonstrate that "counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." *Id.*, —— Pa. at ——, 645 A.2d at 1307. However, trial counsel cannot be held ineffective for failing to take futile actions or to raise a meritless claim. *Id.*, —— Pa. at ——, 645 A.2d at 1304. We shall evaluate appellant's allegations of ineffectiveness in accordance with these principles.

■■■ At the outset, we note that appellant has been represented throughout the trial, post-trial, sentencing and appellate proceedings by various members of the Allegheny County Public Defender's Office. Members of the public defender's office are considered members of the "same firm" for purposes of presenting a claim of ineffectiveness of counsel. *See Commonwealth v. Via*, 455 Pa. 373, 377, 316 A.2d 895, 898 (1974), *quoted in Commonwealth v. Westbrook*, 484 Pa. 534, 539, 400 A.2d 160, 162 (1979); *Commonwealth v. Green*, 379 Pa.Super. 602, 605–606, 550 A.2d 1011, 1012 (1988). Consequently, we are presented with a situation in which appellant's counsel is in essence challenging his own ineffectiveness. In such circumstances, our Supreme Court has indicated that the case should be remanded-for the appointment of new counsel except: (1) where it is clear from the record that counsel was ineffective; or (2) where it is clear from the record that the ineffectiveness claim is meritless. *Commonwealth v. McBee*, 513 Pa. 255, 261, 520 A.2d 10, 13 (1986). We must accordingly examine appellant's claims to ascertain whether a remand is necessary.

Appellant's allegations require us to ascertain whether trial counsel was ineffective in failing to cross-examine the victim regarding the possibility of any lenient treatment she might receive with respect to her then outstanding criminal charges. However, the existing record does not enable us to definitively determine whether the victim and the individual against whom the criminal charges were pending are indeed the same per-

son. If the identity of the accused individual and the victim are not the same, then appellant's claims would appear to be meritless and he would not be entitled to any relief. Conversely, relief may be warranted in the event it is established that the victim did have charges pending against her at the time of appellant's trial. We must therefore analyze appellant's claim under the latter scenario, *i.e.*, we will assume, for purposes of this discussion only, that charges were pending against the victim.

Our Supreme Court has held "that a witness may be cross-examined as to any matter tending to show the interest or bias of that witness." *Commonwealth v. Nolen*, 535 Pa. 77, 83, 634 A.2d 192, 195 (1993).

> [W]henever a prosecution witness may be biased in favor of the prosecution because of outstanding criminal charges or because of any non-final criminal disposition against him within the same jurisdiction, that possible bias, in fairness, must be made known to the jury. Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it. The jury may choose to believe the witness even after it learns of actual promises made or possible promises of leniency which may be made in the future, but the defendant, under the right guaranteed in the Pennsylvania Constitution to confront witnesses against him, must have the opportunity at least to raise a doubt in the mind of the jury as to whether the prosecution witness is biased. It is not for the court to determine whether the cross-examination for bias would affect the jury's determination of the case.

*Commonwealth v. Hill*, 523 Pa. 270, 273, 566 A.2d 252, 253 (1989) (citation omitted). Where the determination of a defendant's guilt or innocence is dependent upon the credibility of a prosecution witness, it is particularly important that the defendant be accorded an adequate opportunity to demonstrate

through cross-examination that the witness is biased. *Commonwealth v. Birch*, 532 Pa. 563, 566, 616 A.2d 977, 978 (1992).

As applied here, it is undisputed that trial counsel did not attempt to demonstrate any potential bias by cross-examining the victim with respect to her pending criminal charges. Appellant's claim thus appears to have arguable merit unless the exclusion of this evidence was harmless error. *See, e.g., Commonwealth v. Nolen*, 535 Pa. at 84–85 n. 4, 634 A.2d at 196 n. 4 (rejecting rule that a trial court's refusal to permit cross-examination as to the witness' possible bias is always reversible error; after reviewing the record, the court determined that the error was harmless).

> [A]n error will be deemed harmless where the appellate court is convinced beyond a reasonable doubt that the error could not have contributed to the verdict. Guidelines for determining whether an error is harmless include: (1) whether the error was prejudicial to the defendant or if prejudicial, whether the prejudice was de minimis; (2) whether the erroneously admitted evidence was merely cumulative of other, untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) whether the evidence of guilt was so overwhelming as established by properly admitted and uncontradicted evidence that the prejudicial effect of the error was so insignificant by comparison to the verdict.

*Commonwealth v. Nolen*, 535 Pa. at 85, 634 A.2d at 196 (citation omitted).

Consideration of these factors persuades us that the error was not harmless in this instance. The Commonwealth suggests that trial counsel's omission was harmless because the offenses which were pending against the victim were committed after the incident involving appellant, thereby weakening the inference of possible bias against appellant. Notwithstanding the Commonwealth's argument, the Supreme Court has recognized that:

> the victim, as accuser, must be subject to the utmost scrutiny if his [or her] accusations are to fairly form the basis of the criminal prosecution at hand. The strength or

> weakness derived from an attempt to show that the victim has some ulterior motive for continuing his [or her] role as an accuser due to subsequent acts, bringing him into the sphere of the influence by the prosecutor, must rightly be determined by the jury, which, after hearing all the evidence in the matter before them, will be most able to ferret out the presence or absence of improper motive on the part of the victim.

*Commonwealth v. Borders,* 522 Pa. 161, 165, 560 A.2d 758, 760 (1989). *See also Commonwealth v. Hill,* 523 Pa. at 274, 566 A.2d at 253 (rejecting Commonwealth's argument that victim's testimony cannot be affected by delayed sentencing in the victim's subsequent misdeed; the court further reiterated that the weight to be accorded the evidence of bias is a matter best left to the jury's determination and is not to be decided through the speculation of either the prosecutor or the appellate courts).

Moreover, the cases referenced by the Commonwealth, which have found the lack of cross-examination to be harmless, are distinguishable in that they involved situations in which the witnesses' testimony was corroborated by other individuals or was not of crucial importance to the Commonwealth's case. *See, e.g., Commonwealth v. Nolen,* 535 Pa. at 85, 634 A.2d at 196–197 (preclusion of cross-examination regarding witness' possible bias was harmless where his testimony did not place the defendant at the scene of the crime and was corroborated by other witnesses); *Commonwealth v. Gentile,* 433 Pa.Super. 381, 389–390, 640 A.2d 1309, 1314 (1994) (error in excluding evidence of bias was deemed harmless where witness' testimony was confirmed by other witnesses); *Commonwealth v. Culmer,* 413 Pa.Super. 203, 213–214, 604 A.2d 1090, 1095 (1992) (trial court's refusal to permit defendant to cross-examine victim on pending adult charge and juvenile charges which were open as of the time of the shooting but were closed at the time of trial was harmless error where shooting victim's testimony was corroborated by others and the inference of possible bias was extremely tenuous). *See also Commonwealth v. Lane,* 533 Pa. 276, 280, 621

A.2d 566, 568 (1993) (error in prohibiting cross-examination as to the witness' pending kidnapping and attempted rape charges was harmless where witness was cross-examined on other pending criminal offenses).

■ Unlike the above authorities, there were no other witnesses who corroborated the victim's testimony in this case. Moreover, the victim was the crucial prosecution witness because she was the victim of the crime. Credibility of the victim and appellant was also a key issue as appellant's and the victim's version of the incident differed on the question of whether the conduct was consensual. It also appears that the jury did not find the victim's version to be wholly plausible, as appellant was acquitted of all offenses except for the charge of attempted rape. Further, appellant's testimony suggested that the victim was biased/had a motive to lie to exact revenge for appellant's failure to pay her as he had promised.[3] Under these circumstances, evidence of the victim's potential bias may well have persuaded the jury to completely reject the victim's testimony and acquit appellant. We are therefore unable to agree with the Commonwealth that trial counsel's failure to introduce evidence of bias was harmless. *See Commonwealth v. Birch*, 532 Pa. at 567–568, 616 A.2d at 979

**3.** The victim's convictions for prostitution would certainly have strengthened appellant's defense theory that the victim had voluntarily engaged in sexual intercourse and that she had only brought these charges in retaliation for appellant's failure to pay her. While evidence of the victim's sexual conduct would not have been admissible under the Rape Shield Law, 18 Pa.C.S.A. § 3104 for the purpose of impugning the victim's moral character, such evidence might have been introduced to establish the victim's bias/motive to lie. *See, e.g., Commonwealth v. Spiewak*, 533 Pa. 1, 7–12, 617 A.2d 696, 699–702 (1992) (evidence that victim had engaged in oral intercourse with a man other than the defendant was admissible, despite the Rape Shield Law, for the purpose of impeaching the victim's credibility and demonstrating that the victim did not have sexual contact with the defendant prior to the victim's sixteenth birthday); *Commonwealth v. Wall*, 413 Pa.Super. 599, 632, 606 A.2d 449, 466, *allocatur denied*, 532 Pa. 645, 614 A.2d 1142 (1992) (evidence of prior sexual molestation of the victim by her mother's paramour was admissible to demonstrate the victim's motive to lie; the defendant sought to show that the victim had a motive to fabricate the charges so that she would be removed from the defendant's home, as the victim wanted to escape the discipline imposed by her aunt, who was the defendant's wife).

(exclusion of evidence regarding the victim's possible bias warranted the grant of a new trial where the victim had possible motives to lie and conflicting versions of the incident were given by the prosecution and defense witnesses).  Consequently, appellant has established that his underlying claim is of arguable merit.

We must next consider whether trial counsel's omission had a reasonable basis that was designed to effectuate appellant's interests.  Although the existing record does not enlighten us as to trial counsel's reasons for his conduct, it is highly improbable that trial counsel would intentionally forgo an attempt to demonstrate the victim's possible bias as a matter of trial strategy, since the proposed impeachment could only have helped rather than hurt appellant's defense.  The second prong of the ineffectiveness test has thus been met.[4]

Finally, appellant must show that the result in his case would have been different absent the alleged ineffectiveness of his counsel.  *Commonwealth v. Howard, supra,* 538 Pa. 86, 645 A.2d 1300.  As previously indicated, the jury acquitted appellant of all charges save one, thus suggesting that it did not deem the victim's testimony to be credible.  Under these particular circumstances, evidence establishing the possible bias of the victim may well have tipped the balance in favor of appellant and led to his acquittal on the remaining charge.  Accordingly, appellant has sufficiently demonstrated that he was actually prejudiced by trial counsel's omission.

Appellant would thus appear to be entitled to a new trial provided that the victim indeed had pending criminal charges at the time of appellant's trial.  However, the Commonwealth does not concede that the identity of the victim and the identity of the individual charged with the offenses is the same.  Because the existing record does not enable us to resolve this matter, we are unable to definitively determine whether trial counsel was in fact ineffective.  It is therefore

4.  As we are remanding this case for further proceedings, trial counsel nonetheless should be given the opportunity to explain why he chose not to cross-examine the witness with regard to her pending criminal charges.

necessary to vacate the judgment of sentence and remand for further proceedings consistent with the above discussion. *See Commonwealth v. McBee, supra* 513 Pa. 255, 520 A.2d 10.

Because the effectiveness of appellant's counsel is unclear from the present record, new counsel must be appointed upon remand. *See Commonwealth v. McBee, supra.* New counsel should be afforded the opportunity to review the record to determine whether any additional grounds or ineffectiveness claims may exist. *See, e.g., Commonwealth v. Via,* 455 Pa. at 378, 316 A.2d at 898 (providing the defendant with the opportunity to explore the competency of trial counsel at a hearing where he had been represented by members of the same firm at trial and in a prior PCHA proceeding). If further proceedings reveal that the individual charged with the offenses and the victim are not the same person, and if there are no other grounds necessitating the grant of a new trial, the judgment of sentence is to be reinstated. Conversely, appellant is to be awarded a new trial if he can show that the identity of the victim and the person charged is the same. A new trial would likewise be warranted in the event appellant can establish, in accordance with the requisites of *Commonwealth v. Howard, supra* 538 Pa. 86, 645 A.2d 1300, any other instances of ineffectiveness.[5]

**5.** Further clarification is required in view of our colleague's dissent. We have not granted appellant a new trial. Rather, we have remanded this matter to the trial court for an evidentiary hearing to primarily determine: (1) whether the victim in this case and the individual who had charges pending against her at the time of appellant's trial are one and the same person; and if so, (2) whether trial counsel had any reasonable basis for failing to cross-examine the victim with respect to her convictions. In the event it is determined upon remand that the victim and the charged individual are indeed the same person and that trial counsel lacked any reasonable basis for his omission, then appellant is to be granted a new trial. Of course, a new trial should also be awarded in the event new counsel can demonstrate any other instance of ineffectiveness by prior counsel which warrants such relief. Otherwise, the judgment of sentence is to be reinstated. Because it is necessary to remand for an evidentiary hearing in this instance, the judgment of sentence cannot properly be affirmed or reversed. Thus, the appropriate course of action is to vacate the judgment of sentence until the matters in question can be definitively resolved at the hearing. *See, e.g., Commonwealth v. Roberts,* 428 Pa.Super. 156, 161–162, 630 A.2d 869, 871–872 (1993), *allocatur granted,* 536 Pa. 641, 639 A.2d 26

Judgment of sentence vacated. Remanded for further proceedings. Jurisdiction relinquished.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting:

I respectfully dissent to the majority disposition which ultimately must lead to granting a new trial. I believe since the issue is framed in the context of an ineffectiveness of counsel purview, and the majority concedes the record fails to disclose trial counsel's strategy for failing a vigorous cross-examination of the Commonwealth victim/witness, a new trial is not warranted. Rather, the matter should be remanded for appointment of new trial counsel with direction to have an evidentiary hearing to determine the basis for trial counsel's actions. The majority engages in a great deal of speculation concerning the character and bias of the prosecution witness and the possible reasoning of the jury. The Commonwealth as verdict winner is entitled to have all inferences found in its favor by the appellate court and not the reverse. While I find it difficult to perceive how the test of ineffectiveness of counsel has been met, particularly as to prejudice resulting in a miscarriage of justice, I would accept remand for an evidentiary hearing.

If no reasonable and supportable basis is established for counsel's action, and such action or non-action resulted in a miscarriage of justice, only then should the trial court be required to grant a new trial. In any event, this Court should not vacate the judgment of sentence upon remand. To do so,

(1994) (temporarily vacating judgment of sentence where it was necessary to remand for an evidentiary hearing as to the ineffectiveness of trial counsel); *Commonwealth v. Anderson*, 410 Pa.Super. 524, 533, 600 A.2d 577, 581–582 (1991), *allocatur denied*, 531 Pa. 644, 612 A.2d 983 (1992) (temporarily vacating judgment of sentence where case was remanded or an evidentiary hearing regarding trial counsel's effectiveness). Moreover, our disposition will not result in appellant's automatic release from prison. *See, e.g.*, Pa.R.A.P., Rule 1762, 42 Pa.C.S.A. (governing release in criminal matters and providing that the lower court may enter bail in accordance with the Rules of Criminal Procedure); Pa.R.Crim.P., Rules 4001–4017, 42 Pa.C.S.A. (governing a criminal defendant's right to bail).

absent substantial error evident on the record before this Court which requires a new trial, sets aside a presumably valid judgment of sentence upon the mere allegation that error *might* have been committed. Until such error has been established by the trial court after an evidentiary hearing, the appellant stands properly committed. To vacate sentence and release any and all appellants who are granted an evidentiary hearing based upon ineffectiveness of counsel, pursuant to an alleged violation of an evidentiary rule of criminal procedure or a PCRA petition, can present serious problems to the community by release of dangerous offenders who may commit additional crimes or abscond. The fact that the Commonwealth may request incarceration or bonding of the appellant pending judicial review does not alleviate the possibility of freeing appellant and the attendant difficulty and harm to the community. The entire range of criminal procedures and trial have been afflicted by dangers and intimidations that never before existed in our history. Abusive persons and stalkers released for short periods of time have killed their victims, despite police and court restraint, not to mention the escalating problem of murder and intimidation of witnesses by accused persons which has drawn national attention and is to be considered in congressional hearings.