**COMMONWEALTH of Pennsylvania,
Appellant,**

v.

**Martin S. COPELAND, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 7, 1998.
Filed Dec. 23, 1998.

Bruce A. Roth, Asst. Dist. Atty., Lancaster, for Commonwealth, appellant.

Merrill M. Spahn, Jr., Asst. Pub. Defender, Lancaster, for appellee.

Joanna N. Reynolds, Harrisburg, for Amicus Curiae.

Before KELLY, BROSKY and BECK, JJ.

BECK, J.:

The Commonwealth challenges the trial court's order precluding the testimony of three prosecution witnesses whose criminal history records the Commonwealth refused to provide. We affirm.

Martin Copeland was accused by the proprietors of a video store of failing to return a videotape. The storeowners, David and Edwin Hess, filed a private criminal complaint for theft of leased property. While the theft charge was pending, Copeland allegedly began to engage in a pattern of harassment and threats against the Hess brothers. They claimed that Copeland's unlawful conduct took place over a seven month period and included repeated telephone calls, damage to property, harassment at their residences and place of business, a car chase, a car fire, death threats and a physical confrontation. As a result of these allegations, Copeland was charged with Retaliation Against a Witness or Victim, 18 Pa.C.S.A. § 4953, and Harassment, 18 Pa.C.S.A. § 2709.

Prior to trial, Copeland sought from the Commonwealth the criminal histories of its witnesses, David Hess, Edwin Hess, and Jane Hess, David's wife. According to Copeland, he was entitled to these documents because they "contain[ed] material evidence that would tend to exonerate him and ... disclosure of such material [was] reasonable and in the interests of justice." The Commonwealth refused to turn over the criminal extracts, claiming that it was precluded from doing so by law. The trial court commanded the prosecution to release the records to the defense. When the Commonwealth again refused to supply the information, Copeland moved to preclude the witnesses from testifying at trial. The trial court granted the motion and this appeal promptly followed.

██ We hold first that this matter is properly before us under the authority of Pa. R.A.P. 311(d) and the rationale set forth in *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985), and its progeny. The Commonwealth has certified that the court's order terminates or substantially handicaps its prosecution, therefore, appellate review is appropriate. *Id.*

Our task then is to decide whether the Commonwealth is precluded by law from supplying to the defense the criminal histories of the prosecution's witnesses.

Appellant argues that his constitutional rights as set out in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), mandate that the information be turned over to him, as *Brady* requires, among other things, that the prosecution give the defense all exculpatory evidence in its possession.

██ The Commonwealth responds by insisting that the dissemination of criminal records is governed by statute and the statute does not provide for the type of disclosure requested here. The law to which the Commonwealth refers, known as the Criminal

History Record Information Act (the "Act"), provides, in relevant part:

> (b) **Dissemination to noncriminal justice agencies and individuals.**—Criminal history record information shall be disseminated by a State or local police department to any individual or noncriminal justice agency only upon request....
>
> > (1) A fee may be charged by a State or local police department for each request for criminal history record information by an individual or noncriminal justice agency.
> >
> > (2) Before a State or local police department disseminates criminal history record information to an individual or noncriminal justice agency, it shall extract from the record all notations of arrests, indictments or other information relating to the initiation of criminal proceedings where:
> >
> > > (i) three years have elapsed from the date of arrest;
> > >
> > > (ii) no conviction has occurred; and
> > >
> > > (iii) no proceedings are pending seeking a conviction.

18 Pa.C.S.A. § 9121(b).

The Commonwealth argues that only the police can give appellant the information he seeks. Under the plain language of the statute, the Commonwealth asserts, it is not authorized to disseminate criminal history records and appellant, while arguably entitled to such information, must acquire it lawfully. In an *amicus curiae* brief, the Pennsylvania State Police argue that § 9121 prohibits the district attorney from disseminating the information at issue here. They further note that the federal computer system from which prosecutors receive their information does not delete any information. Therefore, if the Commonwealth were compelled to release the records it possesses, the "content restrictions" of the Act would be violated.

Despite the multitude of cases discussing the use of a prosecution witness's criminal record and the discovery of such material, the distinct issue in this case, *i.e.*, the effect of § 9121 on the district attorney's office, has not been addressed. After careful consideration, we conclude that § 9121 is wholly inapplicable in the context of discovery in a criminal case. As a result, the district attorney cannot use the Act as a basis for refusing to turn over the documents requested by the defense.

We reach this conclusion by analyzing the issue in two ways. First, we regard the Act as a law that places an affirmative burden on the Commonwealth's state and local police forces to provide criminal history records upon request. Where a request is made by a noncriminal justice agency or individual, the police are entitled to charge a fee and are required to redact the records pursuant to the statute's provisions. Nowhere does the Act prohibit the district attorney's office from providing criminal history information to a defendant facing trial.

The Commonwealth argues that the plain meaning of the term "shall" establishes that the Act authorizes only police forces to disseminate criminal history records and, therefore, precludes the district attorney from doing so. We disagree. The term "shall," as interpreted by its plain meaning, simply *requires* the state and local police to provide the records when requested; refusing to supply them is not an option.

Second, there is indeed a rule of law that governs a district attorney's duties with respect to the dissemination of criminal records to a defendant. That rule, of course, is widely known as *Brady*. Its parameters are constantly being refined in our case law and its basic principle has been codified in our procedural rules at Pa.R.Crim.P. 305. *Brady* is the controlling law that prosecutors must follow when faced with this type of discovery request.

■ We are certain that our resolution of this issue is both logical and fair. The law is clear that a criminal defendant is entitled to know about any information that may affect the reliability of the witnesses against him. *Commonwealth v. Moose*, 529 Pa. 218, 602 A.2d 1265, 1272 (1992) (nondisclosure of evidence affecting reliability falls within *Brady's* general rule). A witness's criminal record long has been considered a necessary and valuable tool for the defense. *Common-*

*wealth v. Baxter*, 537 Pa. 41, 640 A.2d 1271 (1994) (counsel's failure to investigate star witness's criminal history constitutes ineffectiveness); *Commonwealth v. Kimball*, 453 Pa.Super. 193, 683 A.2d 666 (1996) (counsel's failure to probe witness's deal with prosecution constitutes ineffectiveness), *appeal granted*, 548 Pa. 615, 693 A.2d 587 (1997). The open exchange of such records is vital for a zealous defense. For instance, a witness's *crimen falsi* convictions within the previous ten years, about which he or she can be cross-examined, provide a primary basis for impeachment. *Commonwealth v. Brown*, 449 Pa.Super. 346, 673 A.2d 975, *appeal denied*, 545 Pa. 675, 682 A.2d 306 (1996). Further, there are a variety of reasons why a witness's criminal record is relevant to his or her potential bias, including an agreement with prosecutors on open charges, hopes for leniency in sentencing and prior dealings with law enforcement as an informant. *See Commonwealth v. Dawson*, 702 A.2d 864 (Pa.Super.1997) (actual agreements, as well as a witness's hopes for a deal are proper subjects of cross-examination). *See also Commonwealth v. Borders*, 522 Pa. 161, 560 A.2d 758 (1989) (even pending juvenile charges may be brought out on cross-examination to show bias).

Our law books are filled with cases wherein the issue at hand was the manner and extent to which a prosecutor provided witnesses' criminal records. While the cases often diverge on just what should have been turned over, the district attorney's legal right to do so has never been challenged. Instead, it is the extent of the prosecutor's responsibility that has been at the center of the controversy. *See e.g., Commonwealth v. Smith*, 518 Pa. 15, 540 A.2d 246 (1988) (finding meritless appellant's allegation that the trial judge erred in refusing to compel production of all civilian witnesses' criminal records); *Commonwealth v. Wallace*, 500 Pa. 270, 455 A.2d 1187 (1983) (granting relief based on prosecutor's failure to prevent perjured testimony and provide criminal records).

The record in this case reveals that the Commonwealth never objected to supplying this information on the grounds that it did not constitute *Brady* material. Rather, the Commonwealth claimed it was not legally authorized to provide the records under § 9121. We hold today that the Act does not preclude the Commonwealth from fulfilling its discovery duties to criminal defendants, which duties exist to uphold an accused's rights under the Constitution. As a result, any Commonwealth challenge to the discovery sought by appellee should be based only on an application of *Brady* or Rule 305.[1] Section 9121 is simply irrelevant.

Order affirmed; matter remanded for further proceedings.[2] Jurisdiction relinquished.

---

1. As noted by appellee, even if discovery is not mandated under *Brady*, it may be proper pursuant to the court's discretion under Pa.R.Crim.P. 305(B)(2). The Commonwealth is entitled to argue applicability under either analysis, but its § 9121 argument is not viable.

2. On remand, the Commonwealth shall have the opportunity to satisfy the defense's discovery request. However, there is nothing to prevent the Commonwealth from asserting that certain portions of the witnesses' criminal history records should not be turned over to the defense. Appellee concedes as much in his brief:

    The Commonwealth and amicus curiae misconstrue the court's order. Neither Defendant nor the lower court identify the *form* of the Commonwealth's compliance. The Commonwealth has several options of compliance. For instance, it can engage in the type of expurgation that is identified at 18 Pa.C.S. § 9121(b)(2) so long as it is not hiding evidence that would be admissible. . . .

    Appellee's Brief at 13 (emphasis in original).

    The court, in its discretion, will decide such claims should they arise. In addition to seeking to limit the amount of information it provides pretrial, the Commonwealth remains free to oppose admission of any evidence on the basis of relevance.