J-S40042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABDU RIVERA | : | |
| | : | |
| Appellant | : | No. 1504 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 18, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006734-2016,
CP-51-CR-0006735-2016, CP-51-CR-0006736-2016,
CP-51-CR-0006737-2016, CP-51-CR-0006738-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABDU RIVERA | : | |
| | : | |
| Appellant | : | No. 1506 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 18, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006734-2016,
CP-51-CR-0006735-2016, CP-51-CR-0006736-2016,
CP-51-CR-0006737-2016, CP-51-CR-0006738-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABDU RIVERA | : | |
| | : | |
| Appellant | : | No. 1507 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 18, 2019

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006734-2016,
CP-51-CR-0006735-2016, CP-51-CR-0006736-2016,
CP-51-CR-0006737-2016, CP-51-CR-0006738-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ABDU RIVERA | : | |
| | : | |
| Appellant | : | No. 1508 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 18, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006734-2016,
CP-51-CR-0006735-2016, CP-51-CR-0006736-2016,
CP-51-CR-0006737-2016, CP-51-CR-0006738-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ABDU RIVERA | : | |
| | : | |
| Appellant | : | No. 1509 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 18, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006734-2016,
CP-51-CR-0006735-2016, CP-51-CR-0006736-2016,
CP-51-CR-0006737-2016, CP-51-CR-0006738-2016

BEFORE: SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

Appellant, Abdu Rivera, appeals from the judgment of sentence of five life terms without the possibility of parole followed by 16 to 32 years of confinement, which was imposed after his conviction at a bench trial for five counts each of murder of the first degree and criminal conspiracy to commit murder of the first degree and two counts each of arson endangering persons, causing catastrophe, possessing instruments of crime, and recklessly endangering another person.[1]  We affirm.

In its opinion, the trial court set forth the relevant facts of this case. *See* Trial Court Opinion, dated January 23, 2020, at 2.  Therefore, we have no reason to restate them at length herein.  For the convenience of the reader, we briefly recount that, in the middle of November 2003,

> [A]ppellant was in a bar at 2nd and Ontario Streets in Philadelphia when he got into an argument over a girl with John David Santiago.  The argument escalated and the parties proceeded out to the parking lot, where a physical altercation took place.  Santiago, a boxer, was getting the better of the fight when the combatants were separated, after which [Appellant] asked several people where Santiago lived.

*Id.* (citing N.T., 11/19/2018, at 53-59; N.T., 11/20/2018, at 6-15); *see also* N.T., 11/19/2018, at 52.  "A few days" later, N.T., 11/19/2018, at 54, "[o]n November 18, 2003, at approximately 3:40 a.m., a Molotov cocktail was thrown into" Santiago's home, killing five people.  Trial Court Opinion, dated January 23, 2020, at 2.  At trial, the Commonwealth's theory was that

---

[1] 18 Pa.C.S. § 2502(a), § 903 (to commit § 2502(a)), § 3301(a)(1)(i), § 3302(a), § 907(a), and § 2705, respectively.

Appellant was guilty of committing arson and related offenses through conspiratorial and accomplice liability and never alleged that Appellant physically created or threw the Molotov cocktail himself.

Following his conviction and sentencing, Appellant filed a timely post-sentence motion that stated, in its entirety:

> [Appellant], by and through his undersigned counsel, respectfully requests this [trial c]ourt grant his Post-Sentence Motion, and in support thereof, states the following:
>
> 1. The verdict was against the weight and sufficiency of the evidence because the Commonwealth's theory that [Appellant] was an accomplice was not proven. Further, there was no alternative theory that [Appellant] acted, solicited, encouraged or participated in this murder. Additionally, [Appellant] did not agree for this murder to take place or agree for anyone to commit this act.
>
> 2. Respectfully, the [trial c]ourt did not give adequate consideration to the evidence presented by the defense and the lack of evidence presented by the Commonwealth because of its five minute decision after the final day of evidence at trial.
>
> WHEREFORE, [Appellant] respectfully requests this [trial c]ourt to grant an arrest of judgment on all charges and grant a new trial.

Appellant's Post-sentence Motion, 1/28/2019. On May 17, 2019, Appellant filed five notices of appeal, each listing five docket numbers.[2] On May 28,

_____

[2] On September 30, 2019, this Court issued five rules to show cause why the appeals should not be quashed in light of ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that the failure to file separate notices of appeal for separate dockets must result in quashal of the appeal). Appellant failed to file a response. On December 3, 2019, and December 4, 2019, this Court again issued five rules to show cause why the appeals should not be quashed in light of ***Walker***. On December 5, 2019, Appellant filed five responses to

2019, the trial court denied Appellant's post-sentence motion.[3]    On

November 18, 2019, Appellant filed his statement of errors complained of on

appeal.[4]

_____

the five rules to show cause.  On January 30, 2020, this Court entered orders informing the parties that the issues raised in the rules to show cause will be referred to the panel assigned to decide the merits of the appeals.

Subsequent to Appellant filing his responses to the rules to show cause, an *en banc* panel of this Court decided **Commonwealth v. Johnson**, 2020 PA Super 164 (Pa. Super. filed July 9, 2020) (*en banc*), overruling  **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), which had held that  "a notice of appeal may contain **only one** docket number."  **Id.** at 1144 (emphasis added).  In **Johnson**, this Court held that an appellant who files the correct number of notices of appeal to match the number of trial court cases but lists all of the docket numbers on each notice of appeal does not run afoul of **Walker**.  **See also Commonwealth v. Larkin**, 2020 PA Super 163, *3 (July 9, 2020) (recognizing that **Johnson** "expressly overruled **Creese** to the extent that **Creese** interpreted **Walker** as requiring the Superior Court to quash appeals when an appellant, who is appealing from multiple docket numbers, files notices of appeal with all of the docket numbers listed on each notice of appeal.").

Analogously, Appellant filed the correct number of notices of appeal -- *i.e.*, five – to match the five trial court cases; he also listed all of the docket numbers on each notice of appeal.  Accordingly, we conclude that **Walker** does not compel quashal of his appeals.

Additionally, in **2303 Bainbridge, LLC v. Steel River Building Systems**, Inc., 2020 PA Super 215, *2-*3 n.1 (September 3, 2020), "the concerns present in **Walker** are not present here:  there are not multiple defendants, the facts and issues apply only to one appellant, and the outcome will affect only one appellant."  Likewise, none of those concerns from **Walker** are present in the current action, and, again, **Walker** is not controlling.

[3] "A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."  Pa.R.A.P. 905(a)(5).

[4] On January 23, 2020, the trial court entered its opinion.

Appellant now presents the following issue for our review:

Did the trial court commit an abuse of discretion by denying Appellant's post-sentence motion raising a claim asserting that the verdicts were against the weight of the evidence?

Appellant's Brief at 3 (unnecessary capitalization omitted).

As a preliminary matter, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607(A). The Rule provides:

A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

*Id.* "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." Comment to Pa.R.Crim.P. 607. "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa. Super. 2014).

In his post-sentence motion, Appellant contended that "[t]he verdict was against the weight and sufficiency of the evidence[.]" Appellant's Post-sentence Motion, 1/28/2019, at ¶ 1. Weight of the evidence and sufficiency of the evidence are distinct concepts and, accordingly, are not interchangeable. *See Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (delineating the distinction between a claim challenging the sufficiency of the evidence and a claim challenging the weight of the evidence). "A claim

challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.* Furthermore, where an appellant "failed to distinguish between [his] sufficiency and weight of the evidence claims and presented no argument regarding the weight of the evidence, we deem [his] weight of the evidence issue waived." *Commonwealth v. Birdseye*, 637 A.2d 1036, 1039-40 (Pa. Super. 1994).

In his post-sentence motion, Appellant argued that "the Commonwealth's theory that [he] was an accomplice **was not proven**" and that the Commonwealth presented a "**lack of evidence**[.]" Appellant's Post-sentence Motion, 1/28/2019, at ¶ 1. In other words, Appellant was urging the trial court to conclude that the evidence did not "establish[] each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Widmer*, 744 A.2d at 751. Consequently, despite the bald reference to the "weight" of the evidence in his post-sentence motion, the assertions contained therein were actually challenging the sufficiency of the evidence, and a challenge to the sufficiency of the evidence does not preserve a challenge to the weight of the evidence. As Appellant never presented a weight of the evidence challenge in his post-sentence motion, we deem his weight of the evidence issue waived. Pa.R.Crim.P. 607(A); *Birdseye*, 637 A.2d at 1039.

Additionally, none of the theories contained in Appellant's brief to this court as to why the verdict was against the weight of the evidence bore even a tenuous connection to any concept presented in Appellant's post-sentence motion. Specifically, Appellant claims in his appellate brief that the verdict is against the weight of the evidence for five reasons: (1) the Commonwealth failed to present physical evidence; (2) Appellant "was physically incapable of committing the crime"; (3) there was evidence that another person had threatened the victims; (4) "there were major inconsistencies and contradictions in the testimony of the alleged witnesses"; and (5) "the witnesses inculpating [A]ppellant in the crime each had personal reasons for doing so." Appellant's Brief at 19; *see also id.* at 20-21. None of these specific assertions were raised in Appellant's post-sentence motion, *see* Post-sentence Motion, 1/28/2019, and, accordingly, all of these challenges are waived for this reason, as well. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[5]

_____

[5] Assuming any of Appellant's challenges to the weight of the evidence were preserved, we would still find all of them to be meritless. First, the Commonwealth's theory at trial was that Appellant was guilty of committing arson and related offenses through conspiratorial and accomplice liability; ergo, Appellant's allegations concerning the lack of physical evidence "directly connecting [him] to the crime" and that, "on the day the fire was set, [he] was bedridden, having been shot a couple days prior thereto and was physically incapable of leaving his residence" are irrelevant and nonsensical, as the Commonwealth consistently alleged that all of the physical work of setting the fire was done by Appellant's co-conspirators. *See* Appellant's Brief at 20-21.

Based on the foregoing, Appellant is not entitled to relief. Thus, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judge King joins the Memorandum.

Judge Shogan Concurs in the Result.

---

As for Appellant's contention that there was "evidence indicating that another person had threatened the victims," he does not elaborate on this allegation beyond this one phrase in the argument section of his brief, *id.* at 19, and it is thereby waived for lack of development. *See Kelly v. Carman Corporation*, 229 A.3d 634, 656 (Pa. Super. 2020).

Next, Appellant maintains that "the testimony presented by the witnesses the Commonwealth presented who implicated [A]ppellant in the crime was so rife with inherent inconsistencies and contradictions that worsened when compared and contrasted with the testimony given by the other witnesses." Appellant's Brief at 21. Nevertheless, "[t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses. The fact-finder also has the responsibility of resolving contradictory testimony and questions of credibility." *Commonwealth v. Roane*, 204 A.3d 998, 1001 (Pa. Super. 2019) (citations and internal quotation marks omitted).

Finally, Appellant argues that the Commonwealth's witnesses were "not believable because the witnesses . . . had motives to cooperate given that they had criminal matters for which they may have been seeking consideration on in exchange for their testimony." Appellant's Brief at 21. However, "the weight to be accorded the evidence of bias is a matter best left to the [fact-finder]'s determination and is not to be decided through the speculation of . . . the appellate courts." *Commonwealth v. Davis*, 652 A.2d 885, 888 (Pa. Super. 1995).

Hence, assuming *arguendo* that Appellant had properly preserved his challenges to the weight of the evidence, we would still find that all of these arguments lack merit. Appellant thereby would still not be entitled to relief.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/2/20