J-S46004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TRIMELL LEEMOND DUNBAR, | : | |
| | : | |
| Appellant | : | No. 1343 MDA 2013 |

Appeal from the PCRA Order Entered June 10, 2013,
In the Court of Common Pleas of Luzerne County,
Criminal Division, at Nos. CP-40-CR-0003976-2007 and
CP-40-CR-0003978-2007.

BEFORE:  SHOGAN, LAZARUS and MUSMANNO, JJ

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 26, 2014**

Appellant, Trimell Leemond Dunbar, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In addition, counsel has filed a motion seeking to withdraw.  We grant counsel's motion to withdraw and affirm the order of the PCRA court.

In a previous memorandum decision, issued by this Court disposing of Appellant's direct appeal, we summarized the history of this matter as follows:

> On July 18, 2007, officers from the Kingston Police Department met with a confidential informant (CI) to make controlled purchases of heroin and cocaine from [Appellant]. The CI called [Appellant's] cell phone to set up a purchase of heroin.  [Appellant] told the CI to come to his house to buy the

heroin. The police searched the CI prior to the transaction and found no drugs or money on his person. The police then provided the CI with $100 in marked money and dropped him off at [Appellant's] residence. At approximately 6:21 p.m., the CI went to [Appellant's] backyard and returned with seven bags of suspected heroin, stamped with "Grand Hustle" in green ink. The substance in the bags was later tested and found to be heroin.

At approximately 11:09 p.m., the CI again called [Appellant] on his cell phone, seeking cocaine. [Appellant] told the CI to come to his house to get the cocaine. The police searched the CI and found no contraband or money. The police then gave the CI $160 in marked money. The CI went into [Appellant's] backyard and gave [Appellant] the money and received one "eight ball" of purported cocaine. The CI then proceeded back to the police officer at the scene and handed over the purported cocaine. Later testing revealed the substance to be flour.

[Appellant] was subsequently arrested during a sweep for several individuals and charged with a host of crimes under two separate criminal complaints, 3976 of 2007 (charges arising out of delivery of substance purported to be cocaine) and 3978 of 2007 (charges arising out of delivery of heroin). A jury trial was held, after which the jury found [Appellant] guilty of [one count each of possession of a controlled substance and delivery of a noncontrolled substance, and two counts each of delivery of a controlled substance, possession of drug paraphernalia and criminal use of a communication facility]. Thereafter, the Commonwealth provided oral notice to [Appellant] that it was seeking a mandatory minimum sentence under 18 Pa.C.S.A. § 6317 because the sale of heroin occurred within one thousand feet of a school. At the sentencing hearing on July 1, 2008, the Commonwealth presented the testimony of Officer Edward Palka, who stated that the controlled buy of heroin occurred within 763.34 feet of the Jenny Lynn Academy (a certified pre-school day care center). Based upon this evidence, the trial court concluded that section 6317(a) was applicable in this case. The trial court imposed an aggregate sentence of 87 to 178 months in prison and an additional two years of probation. [Appellant] filed a post-sentence Motion, which the trial court denied.

*Commonwealth v. Dunbar*, 1396 MDA 2008, unpublished memorandum at 1-3, 988 A.2d 718 (Pa. Super. filed November 9, 2009). On November 9, 2009, a panel of this Court affirmed Appellant's judgment of sentence in part, reversed in part, and remanded for resentencing. Appellant took no further appeal.

On August 3, 2010, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel. The PCRA court held an evidentiary hearing and heard oral argument. At the outset of the PCRA hearing, the Commonwealth conceded that Appellant's sentence should be modified to an aggregate of 63 to 126 months of incarceration,[1] to be followed by one year of probation. On June 10, 2013, the PCRA court granted Appellant's PCRA petition with regard to the sentencing modification, and denied and dismissed all other claims. Appellant filed this timely appeal.

On July 16, 2013, the PCRA court appointed new counsel for Appellant. Also on that date, the PCRA court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) statement. Thereafter, Appellant filed his Pa.R.A.P. 1925(b) statement[2] and the PCRA court authored an opinion.

---

[1] The Commonwealth conceded that, when imposing Appellant's sentence, the trial court improperly used the "youth school zone enhancement." N.T., 5/3/13, at 5-7.

[2] Appellant presented the following issues in his Pa.R.A.P. 1925(b) statement:

On April 29, 2014, PCRA counsel filed a motion to withdraw as counsel; he also filed with this Court a sufficient **Turner/Finley** document.[3],[4] When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

---

> 1. Whether the Court erred in dismissing Defendant's PCRA claim that the Commonwealth violated the tenets of <u>Maryland v. Brady</u>, by failing to provide to Defendant a written statement from the [CI] until the Day of trial?
>
> 2. Whether the Court erred in dismissing Defendant's PCRA claim that the Commonwealth violated the tenets of <u>Maryland v. Brady</u>, by failing to disclose prior to trial evidence of favorable treatment of the [CI] in exchange for his trial testimony?

Statement of Matters Complained of on Appeal, 8/23/13, at 1-2.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] Counsel has requested leave to withdraw and filed a brief under **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), apparently in the mistaken belief that an appeal from the denial of a PCRA petition required that filing. However, because counsel is requesting leave to withdraw from his position as PCRA counsel, the correct standards under which counsel's request will be considered are the less stringent requirements set forth in **Turner** and **Finley**. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004) (noting that because an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief *in lieu* of a **Turner/Finley** letter).

3)   PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4)   PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5)   The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6)   The court must agree with counsel that the petition is meritless.

***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted) (citing ***Commonwealth v. Friend***, 896 A.2d 607, 615 (Pa. Super. 2006)).

In the present case, counsel has complied with the requirements for withdrawal from a collateral appeal. In the motion filed with this Court, counsel alleged that he has reviewed the case, evaluated the issues, and concluded that the appeal is frivolous. Counsel has also listed the issue relevant to this appeal, and explained why, in his opinion, it is without merit. In addition, counsel has included a letter sent to Appellant containing a copy of his motion to withdraw and a statement advising Appellant of his right to proceed *pro se* or through privately retained counsel. Thus, we will allow

counsel to withdraw if, after our review, we conclude that the issue relevant to this appeal lacks merit.

We have discerned the following issue, which is presented by PCRA counsel on behalf of Appellant:

> A. Whether the [PCRA] court erred in dismissing [Appellant's] PCRA petition in light of [Appellant's] allegations that the Commonwealth violated the tenets of ***Brady v. Maryland***[5] by failing to timely produce a witness statement and by not disclosing favorable treatment by the Commonwealth to the witness in exchange for his testimony?

Appellant's Brief at 4.[6]

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

In his issue, Appellant argues that the PCRA court erred in concluding that he failed to prove his ***Brady*** claim. Appellant contends that the

---

[5] ***Brady v. Maryland***, 373 U.S. 83 (1963).

[6] We observe that counsel for Appellant presented two issues in Appellant's Pa.R.A.P. 1925(b) statement, but combined the issues in the brief filed with this Court.

Commonwealth violated the provisions of ***Brady*** by failing to produce the statement of the CI, and by failing to disclose favorable treatment offered to the CI on pending criminal charges.

This Court has summarized the law pertaining to ***Brady*** as follows:

> In ***Brady***, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." ***Brady supra*** at 87, 83 S.Ct. 1194.
>
> This Court has held that "to prove a ***Brady*** violation, the defendant must show that: (1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant; and (3) the suppression prejudiced the defendant." ***Commonwealth v. Pagan***, 597 Pa. 69, 950 A.2d 270, 291 (2008) (citing ***Commonwealth v. Carson***, 590 Pa. 501, 913 A.2d 220, 245 (2006)).

***Commonwealth v. Busanet***, 54 A.3d 35, 48 (Pa. 2012). "***Brady's*** mandate is not limited to pure exculpatory evidence; impeachment evidence also falls within ***Brady's*** parameters and therefore must be disclosed by prosecutors. ***U.S. v. Bagley***, 473 U.S. 667, 677, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)." ***Commonwealth v. Haskins***, 2012 PA Super 223, 60 A.3d 538, 546, 2012 WL 4841446, *6 (Pa. Super. 2012). "The burden rests with Appellant to '***prove, by reference to the record,*** that evidence was withheld or suppressed by the prosecution.' ***Commonwealth v. Porter***, 556 Pa. 301, 728 A.2d 890, 898 (1999) (citations omitted) (emphasis added)." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1116 (Pa. 2012). "A witness's assumption that he will benefit from cooperating in the prosecution of the defendant, without more, is insufficient to establish that an agreement existed, and does not trigger ***Brady***

disclosure requirements." **Busanet, supra** at 49 (citation omitted).

**Commonwealth v. Nero**, 58 A.3d 802, 809-810 (Pa. Super. 2012).

Moreover, we observe that pretrial discovery in criminal cases is governed by Pennsylvania Rule of Criminal Procedure 573. The rule lists certain items and information that are subject to mandatory disclosure by the Commonwealth when they are (1) requested by the defendant, (2) material to the case, and (3) within the possession or control of the prosecutor. Pa.R.Crim.P. 573(B). Mandatory discovery includes any evidence favorable to the accused that is material to either guilt or punishment. Pa.R.Crim.P. 573(B)(1)(a). As this court has stated "The law is clear that a criminal defendant is entitled to know about any information that may affect the reliability of the witnesses against him." **Commonwealth v. Copeland**, 723 A.2d 1049, 1051 (Pa. Super. 1998) (citing **Commonwealth v. Moose**, 602 A.2d 1265 (Pa. 1992)).

"A defendant seeking relief from a discovery violation must demonstrate prejudice . . . . [He] must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure." **Commonwealth v. Causey**, 833 A.2d 165, 171 (Pa. Super. 2003).

Our review of the record reflects that, at Appellant's trial, the CI was present and testified. N.T., 4/28/08, at 14-39. During direct examination,

the CI testified that following the initial purchase of heroin from Appellant, he returned to the police station, was strip searched, wrote a statement, and left. *Id*. at 21. Then, prior to cross-examination by Appellant's counsel, the following transpired at sidebar:

> [Defense Counsel]: The witness testified that he had provided a short -- he provided a written statement to police. At this time I would ask for a copy of that statement and ask --
>
> [Assistant District Attorney]: We turned it over in discovery. It's already numbered. I will give it to you right now.

*Id*. at 28.

Subsequently, during cross-examination of the CI, defense counsel utilized the written statement as follows:

> Q. Now, you testified that the transaction was arranged for six bags but you received the seventh bag for free; is that correct?
>
> A. Yes, sir.
>
> * * *
>
> Q. You testified that you provided a written statement to the police after these transactions; is that correct?
>
> A. Yes, sir.
>
> Q. Now, let me ask you to look at what's been marked Defendant's Exhibit 1. Could you tell us what that is.
>
> A. My testimony.
>
> Q. Okay. And let me ask you to read that. Tell me when you're done.

A.    It says on 7-18-07 I met with detectives from the Kingston Narcotics Division.  I made arrangements to purchase seven heroin bags from --

Q.    How many bags?

A.    Seven.

Q.    So your statement says you made arrangements to purchase seven bags, correct?

A.    Yes.

Q.    Now, is that statement correct?

A.    No, not really, but yeah.  I got seven off him so yeah.  I wrote this after I did the whole purchasing.

Q.    You're saying that statement is not correct, that you did not make arrangements for seven bags?

A.    I only made arrangements for six actually.

Q.    So the written statement you provided to the police afterwards was not correct; is that true?

A.    Otherwise, yeah.  I had seven bags so I put down seven.

Q.    So the statement you wrote to the police after the transactions was not completely accurate?

A.    It is accurate.  I got seven bags.

Q.    It said you made arrangements for seven bags and now you testified you only made arrangements for six bags, correct?

A.    Yeah.

    [Defense Counsel]:    I move for introduction of Defendant's Exhibit 1, your Honor.

    [The Court]:    Any objection?

[Assistant District Attorney]: No.

[The Court]: It's admitted without objection.

*Id*. at 33-35.

As the above reflects, and contrary to Appellant's assertions, defense counsel was provided with the written statement of the CI during discovery. In addition, during cross-examination, defense counsel questioned the CI regarding discrepancies between the written statement and his trial testimony. Also, defense counsel introduced the CI's written statement as "Defense Exhibit 1." Accordingly, there is no evidence of record to show that the prosecutor suppressed evidence, or that the alleged suppression prejudiced the defense. Thus, Appellant has not established a violation of ***Brady*** with regard to the written statement provided by the CI. Therefore, we discern no error on the part of the PCRA court in reaching its determination and denying relief.

We next address Appellant's allegation of a ***Brady*** violation with regard to the CI's pending criminal charges and his motivation to cooperate in exchange for the dropping of charges. Our review of the certified record reflects that there is no indication that the Commonwealth withheld any information pertaining to the CI's criminal record. Rather, our review of the record reflects the following transpired during cross-examination of the CI pertaining to pending charges and his motive for cooperating:

Q.    . . ., we could agree, can't we, that at the present time you have drug charges pending against you?

A.    Yes.

Q.    Let me ask you this.  Is your testimony today in part premised upon some hope for cooperation or some hope for leniency on those charges?

A.    Nope.

Q.    Let me ask you, why were you cooperating with the police?

A.    I gave false identification.  To get that dropped I did this.

Q.    So you received a benefit, you got charges dropped against you?

A.    For false identification, yeah.

Q.    Those charges were dropped completely.

A.    Probably.

N.T., 4/28/08, at 31-32.

Thus, even if we were to assume for the sake of argument that there was a late disclosure by the Commonwealth of the CI's pending charges, we are constrained to conclude that the above testimony reflects that defense counsel adequately questioned the CI with impeachment evidence pertaining to pending criminal charges.  Most notably, defense counsel elicited from the CI the fact that criminal charges were dropped due to his cooperation.  In light of the above referenced testimony, we are constrained to conclude that no **_Brady_** violation occurred with regard to evidence of the CI's criminal

charges. Hence, we discern no error on the part of the PCRA court in so concluding and denying relief.

In summary, it is our determination that Appellant failed to establish a **Brady** violation with regard to the CI's written statement to police and the CI's pending criminal charges. Also, having determined after independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw, that the issues raised do not support a grant for relief, we allow counsel to withdraw.

Motion to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014

-13-