J-S58039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VICTOR MAURICE TARPLEY | |
| Appellant | No. 600 WDA 2014 |

Appeal from the PCRA Order March 26, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001430-2010

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:　　　　　**FILED OCTOBER 14, 2014**

Appellant, Victor Maurice Tarpley, appeals from the order entered in the Fayette County Court of Common Pleas, dismissing his first petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows.

> Caleb Wood ("Victim") testified to the following at trial.  He knew Appellant's co-conspirator, Kathy Ann Bass, but did not know Appellant.  On August 24, 2010, Kathy and her brother Justin picked [Victim] up in a car.  Kathy drove and Victim sat behind her.  When the car stopped, Justin said that he had to get his clothes out of the trunk.  Kathy got out of the car and opened the trunk.  Five seconds later, Appellant entered the car through the passenger side door, pointed a gun…at Victim, and told him, "You already know, don't move."

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

The trial court summarized Appellant's ensuing actions: he led Victim from the vehicle they traveled in into a house; blindfolded or caused Victim to be blindfolded; forced Victim to call his brother, mother, and girlfriend to demand money; spoke with Victim's brother regarding the demand; used a Taser on Victim; and patted down [Victim's] person and forcibly took money from [his] person. Appellant then took Victim, still blindfolded and with his hands tied, back to the vehicle. Appellant drove, and Victim did not believe he could have escaped. The Pennsylvania State Police pursued [Appellant] upon his failure to properly signal, but Appellant did not stop and [t]he pursuit lasted approximately 10-15 minutes.

*Commonwealth v. Tarpley*, No. 240 WDA 2012, unpublished memorandum at 1-2 (Pa.Super. filed January 16, 2013) (internal citations to the record and most quotation marks omitted).

Appellant's jury trial commenced on October 5, 2011. Although Appellant appeared for jury selection, he subsequently absconded. Following a trial *in absentia*, the jury convicted Appellant of kidnapping for ransom, robbery, criminal conspiracy, and related offenses. Appellant was apprehended in January 2012. On January 19, 2012, the court sentenced Appellant to an aggregate term of eight (8) to twelve (12) years' imprisonment. This Court affirmed the judgment of sentence on January 16, 2013, and our Supreme Court denied Appellant's petition for allowance of appeal on July 3, 2013. *Commonwealth v. Tarpley*, 64 A.3d 280 (Pa.Super. 2013), *appeal denied*, 620 Pa. 731, 70 A.3d 811 (2013).

Appellant timely filed a *pro se* PCRA petition on October 7, 2013. In it, Appellant claimed trial counsel was ineffective for failing to prepare, failing

to object to the prosecutor's closing argument, and failing to call an expert witness. Appellant also claimed the trial court abused its discretion by denying a request for a continuance. The PCRA court appointed counsel, who filed a motion to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court permitted PCRA counsel to withdraw on February 24, 2014.

On February 27, 2014, the court issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response to the Rule 907 notice on March 24, 2014. In it, Appellant alleged PCRA counsel was ineffective, and the PCRA court erred in relying on the averments in the "no-merit" letter. Appellant also restated the claims from his *pro se* PCRA petition. On March 26, 2014, the court denied PCRA relief.

Appellant timely filed a *pro se* notice of appeal on April 10, 2014. On April 23, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a *pro se* Rule 1925(b) statement on May 12, 2014.

Appellant now raises the following issues for our review:

> WHETHER TRIAL COUNSEL'S APPOINTMENT ON THE EVE OF TRIAL VIOLATED [THE] 6TH AMENDMENT AND THE 14TH AMENDMENT RIGHT TO DUE PROCESS?
>
> WHETHER TRIAL COUNSEL'S LATE APPOINTMENT, AND COUNSEL WHO WAS SUBSTITUTED INTO TRIAL AFTER IT

STARTED, MAKE THE TRIAL INHERENTLY UNFAIR AND
CAUSED INHERENT PREJUDICE?

WHETHER SUBSTITUTE COUNSEL SHOULD'VE OBJECTED
TO HER LATE APPOINTMENT?

WHETHER TRIAL COUNSEL VIOLATED THE CODE OF
PROFESSIONAL STANDARDS OF DEFENSE FUNCTION, BY
ACCEPTING A CASE, KNOWING HE HAD A SCHEDULING
CONFLICT?

WHETHER COUNSEL'S LAST MINUTE APPOINTMENT AND
HIS LEAVING TRIAL AFTER IT STARTED, TO GO
REPRESENT ANOTHER CLIENT IN ANOTHER CASE,
AMOUNT TO A CONSTRUCTIVE DENIAL OF ASSISTANCE?

WHETHER APPELLANT PROVED THAT PREJUDICE SHOULD
BE PRESUMED WITHOUT GOING INTO THE ACTUAL
CONDUCT OF TRIAL, DUE TO THE APPOINTMENT OF
COUNSEL ON THE EVE OF TRIAL?

WHETHER [THE] TRIAL COURT COMMITTED AN ABUSE OF
DISCRETION BY DENYING A CONTINUANCE, IN THE FACE
OF A JUSTIFIABLE REQUEST?

WHETHER [THE] TRIAL COURT COMMITTED AN ABUSE OF
DISCRETION BY NOT EVEN HEARING WHY APPELLANT
AND COUNSEL WANTED A CONTINUANCE?

WHETHER [THE] PROSECUTION'S REMARKS DURING
CLOSING WERE IMPROPER AND MISLED THE JURY?

WHETHER [THE] PCRA COURT ERRED IN DISMISSING
APPELLANT'S PCRA PETITION WITHOUT AN EVIDENTIARY
HEARING?

WHETHER PCRA COUNSEL WAS INEFFECTIVE OR
COMMITTED A COMPLETE CONSTRUCTIVE DENIAL OF
ASSISTANCE, BY NOT REVIEWING THE RECORD IN WHOLE
AND NOT INVESTIGATING ANY OTHER [CLAIMS] THAT
COULD'VE BEEN RAISED?

WHETHER [APPELLANT] MADE A *PRIMA FACIE* CASE FOR A
CONSTRUCTIVE DENIAL CLAIM OF ASSISTANCE?

WHETHER [THE PCRA] COURT IN ITS OPINION FILED 7-1-2014 MADE [AN ERROR] IN [CLAIMING] THAT [APPELLANT] DIDN'T ASK FOR A CHANCE TO AMEND HIS PCRA [PETITION]?

(Appellant's Brief at 4) (internal quotation marks omitted).[2]

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335, 338

---

[2] Appellant's statement of questions presented does not correspond to the argument section of his brief. Specifically, the argument section addresses seven distinct issues, which overlap with the issues included in the statement of questions presented. Consequently, we address the issues set forth in the argument section of the brief.

(Pa.Super. 2012).

In his first, second, and sixth issues, Appellant contends the court appointed trial counsel at the "last minute" before trial commenced. Appellant insists trial counsel was unprepared, because he did not interview witnesses or review the evidence at issue. Moreover, Appellant asserts trial counsel informed the court of a scheduling conflict that prevented counsel from participating in the entire trial. Appellant complains the court did not continue the case in light of trial counsel's conflict; rather, the court allowed trial counsel to leave after closing arguments, and another attorney ("substitute counsel") represented Appellant for the remainder of the proceedings.[3] Appellant concedes substitute counsel represented him for the third day of trial only, which consisted of deliberations and the announcement of the verdict. Nevertheless, Appellant argues substitute counsel "should have objected to being pressed into service so late into a trial." (Appellant's Brief at 8). Appellant further argues that trial counsel violated a duty to Appellant by commencing representation, even though counsel knew the scheduling conflict would force him to miss the conclusion of trial. Appellant concludes trial and substitute counsel were unprepared

_____

[3] Both trial counsel and substitute counsel were members of the public defender's office. Members of public defender's office are considered members of the same firm for purposes of presenting a claim of ineffective assistance of counsel. **Commonwealth v. Davis, D.**, 652 A.2d 885 (Pa.Super. 1995).

and ineffective, and the PCRA court erred in denying relief on this basis.[4] We disagree.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis

---

[4] In his sixth issue, Appellant also complains that PCRA counsel's "no-merit" letter erroneously concluded that the *pro se* PCRA petition was untimely. We observe that the "no-merit" letter includes the following language, "The issue raised by [Appellant's] PCRA claim is not only time barred, but also without merit and completely false." (Brief in Support of Motion to Withdraw, filed 2/19/14, at 5). This language, however, appears to be nothing more than an oversight by PCRA counsel. In the remainder of the "no-merit" letter, PCRA counsel made no further mention of the timeliness of Appellant's filing, and he addressed the merits of each claim raised in Appellant's *pro se* PCRA petition. Further, the PCRA court acknowledged that Appellant timely filed his *pro se* PCRA petition: "The PCRA [petition] was timely filed; however, it failed to raise any lawful claims upon which relief could be granted." (**See** PCRA Court Opinion, filed July 1, 2014, at 8.)

for the assertion of ineffectiveness is of arguable merit….” ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). “Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim.” ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [a defendant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***]*,* we held that a “criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.”

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Instantly, the record belies Appellant's claim that the court appointed trial counsel immediately before trial commenced. Specifically, the public defender's office entered its appearance on Appellant's behalf on October 19, 2010, almost one year prior to trial. Regarding Appellant's claim that trial counsel effectively abandoned him, the PCRA court noted:

> The record reflects that [trial counsel] was present during

> the entire trial until the jury began its deliberations. [Substitute counsel] substituted for [trial counsel] for the remaining deliberations and verdict. The Public Defender's Office did not withdraw its representation of [Appellant] until sometime in February 2012….
>
> Since [Appellant] absconded after the first day of trial, he was unable to aid his counsel with his defense. His flight also resulted in the jury being read a "consciousness of guilt" instruction, which undoubtedly impacted the verdict. If anything, [Appellant], not his counsel, prejudiced himself with those actions.

(*See* PCRA Court Opinion at 6-7). We agree with the court's analysis and emphasize that Appellant has failed to disclose any specific evidence which counsel would have discovered if he had been given extra time to prepare. Appellant also fails to explain how additional preparation on the part of counsel would have helped Appellant's defense.[5] Absent more, Appellant's ineffectiveness claims fail. *See Commonwealth v. Thomas*, 539 A.2d 829, 837 (Pa.Super. 1988), *appeal denied*, 520 Pa. 604, 553 A.2d 967 (1988) (explaining counsel "will not be found ineffective in a vacuum, and we will not consider claims of ineffectiveness without some showing of a factual predicate upon which counsel's assistance may be evaluated").

---

[5] Appellant provided the PCRA court with a letter he received from trial counsel in February 2014. In it, trial counsel indicated he did not remember whether he requested a continuance immediately prior to trial. Trial counsel also stated, "If [substitute counsel] did your case after you went 'MIA' I doubt very highly that this is sufficient to reverse your case under the facts of the matter." (*See Pro Se* Response to Rule 907 Notice, filed 3/24/14, at Exhibit A; Appellant's Brief at Exhibit B.) The PCRA correctly recognized that trial counsel's letter did not warrant further exploration at an evidentiary hearing. (*See* PCRA Court Opinion at 8.)

In his third issue, Appellant asserts the prosecutor's closing argument referenced Appellant's failure to appear for trial, implying that Appellant had demonstrated consciousness of guilt. Appellant insists his flight did not amount to consciousness of guilt; rather, "he only fled because he was being forced to go to trial with a lawyer who knew nothing about his case, and he would not be able to prove his innocence." (Appellant's Brief at 9). Under these circumstances, Appellant concludes trial counsel was ineffective for failing to object to the prosecutor's closing argument. We disagree.

In considering a prosecutorial misconduct claim, "our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one." *Commonwealth v. Harris*, 884 A.2d 920, 927 (Pa.Super. 2005), *appeal denied*, 593 Pa. 726, 928 A.2d 1289 (2007).

> Not every unwise remark on a prosecutor's part constitutes reversible error. Indeed, the test is a relatively stringent one. Generally speaking, a prosecutor's comments do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward [the defendant] so that they could not weigh the evidence objectively and render a true verdict. Prosecutorial misconduct, however, will not be found where comments…were only oratorical flair. In order to evaluate whether comments were improper, we must look to the context in which they were made. Finally, when a trial court finds that a prosecutor's comments were inappropriate, they may be appropriately cured by a cautionary instruction to the jury.

*Id.* "[A] new trial is required only when a prosecutor's improper remarks are prejudicial, *i.e.,* when they are of such a nature or delivered in such a manner that they may reasonably be said to have deprived the defendant of

- 10 -

a fair and impartial trial." ***Commonwealth v. Davis, J.***, 554 A.2d 104, 111 (Pa.Super. 1989), *appeal denied*, 524 Pa. 617, 571 A.2d 380 (1989).

"A prosecutor has great discretion during closing argument. Indeed, closing 'argument' is just that: argument." ***Commonwealth v. Brown***, 911 A.2d 576, 580 (Pa.Super. 2006), *appeal denied*, 591 Pa. 722, 920 A.2d 830 (2007). "It is well settled that the prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom…." ***Commonwealth v. Hogentogler***, 53 A.3d 866, 878 (Pa.Super. 2012), *appeal denied*, 620 Pa. 720, 69 A.3d 600 (2013) (quoting ***Commonwealth v. Judy***, 978 A.2d 1015, 1019-20 (Pa.Super. 2009)). Additionally, "When a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis [of a conviction] in connection with other proof from which guilt may be inferred." ***Commonwealth v. Rios***, 546 Pa. 271, 291, 684 A.2d 1025, 1035 (1996), *cert. denied*, 520 U.S. 1231, 117 S.Ct. 1825, 137 L.Ed.2d 1032 (1997).

Instantly, the prosecutor made the following comments during closing arguments:

> Something else that I want to bring to your attention is, of course, the—obviously, the pink elephant in the room, is the fact that this seat (indicating) is empty. It's an unusual circumstance, as we talked about earlier today. The fact that [Appellant's] seat is empty is more unusual because he was here yesterday. And you can consider the

- 11 -

fact that he is absent from trial, because he was, in fact, here yesterday. He was here during the course of jury selection. Was it—is he just absent because he doesn't want to show up? Or is he absent because he heard the bells ringing? The bells were tolling for [Appellant]? And when he saw the fourteen of you empaneled as jurors, he knew that his day was soon coming to an end.

(*See* N.T. Excerpt of Trial—Closing Argument of the Commonwealth, 10/6/11, at 9-10.)

Here, Appellant does not dispute that he absconded after the first day of trial. Thus, the prosecutor's reference to Appellant's absence amounted to a comment based on evidence of record.[6] *See Hogentogler, supra*. The remainder of the prosecutor's statement, implying Appellant's consciousness of guilt, was nothing more than oratorical flair. *See Harris, supra*. We conclude the prosecutor did not commit misconduct during his closing argument, and trial counsel's failing to object does not warrant relief. *See Poplawski, supra*.

In his fourth issue, Appellant claims the trial court abused its discretion

---

[6] After closing arguments, the court instructed the jury as follows:

Now, there was evidence tending to show both that [Appellant] fled from the police and that [Appellant] failed to appear for the second day of the trial today. If you believe this evidence, you may consider it as tending to prove that [Appellant] was conscious of his own guilt.

(*See* N.T. Trial, 10/5/11-10/7/11, at 122.) In light of the evidence presented at trial and the relevant case law, the instruction was proper. *See Rios, supra*.

by denying a pretrial request for a continuance. Nevertheless, Appellant's claim of straightforward trial court error is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii) (reiterating petitioner is eligible for PCRA relief if he pleads and proves conviction or sentence resulted from constitutional violation, ineffective assistance of counsel, unlawfully induced guilty plea, improper obstruction of right to appeal, existence of after-discovered exculpatory evidence, imposition of sentence greater than lawful maximum, or proceeding in tribunal without jurisdiction). Moreover, the record reveals Appellant made only one pretrial request for a continuance, which the court granted on August 1, 2011. Consequently, Appellant is not entitled to relief on his fourth issue.

In his fifth issue, Appellant maintains PCRA counsel was ineffective for failing to have all notes of testimony transcribed, including the portion of the trial transcript covering jury selection. Appellant, however, failed to include this allegation of ineffectiveness in his *pro se* response to the Rule 907 notice. Thus, the claim is waived. **See Ford, supra** at 1201 (holding claims of PCRA counsel's ineffectiveness cannot be raised for first time after notice of appeal has been filed from underlying PCRA matter).

In his seventh issue, Appellant contends the PCRA court erred, because it did not allow him to file a *pro se* amendment to his PCRA petition. Appellant claims he wrote a letter to the court in February 2014, requesting to file an amended PCRA petition. The letter, however, does not appear in

the certified record.[7]   Consequently, we are unable to consider it.  ***See***

***Commonwealth v. Jordan***, 619 Pa. 513, 65 A.3d 318 (2013), *cert. denied*,

___ U.S. ___, 134 S.Ct. 1275, 188 L.Ed.2d 311 (2014) (reiterating that

appellate courts may only consider facts which have been duly certified in

record on appeal; item does not become part of certified record by simply

copying it and including it in reproduced record).   Moreover, to the extent

Appellant wished to amend his PCRA petition to challenge PCRA counsel's

representation, Appellant had a full and fair opportunity to accomplish this

goal when he filed his *pro se* response to the Rule 907 notice.   On this

record, Appellant is not entitled to relief on his seventh issue.   Accordingly,

we affirm the PCRA court's dismissal of the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/14/2014

---

[7] Appellant attached a copy of the letter to his appellate brief.   In it, Appellant claimed PCRA counsel was biased against him, and PCRA counsel had failed to contact trial counsel while investigating Appellant's PCRA claims.