J-S07022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JELANI Q. GHEE | |
| Appellant | No. 1064 MDA 2015 |

Appeal from the Order Entered May 19, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000066-2013

BEFORE: BOWES, J., OTT, J., and FITZGERALD, J.*

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 19, 2016**

Jelani Q. Ghee brings this appeal from the order entered May 19, 2015, in the Court of Common Pleas of Franklin County, that denied, after an evidentiary hearing, his petition for relief filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Ghee claims trial counsel was ineffective in failing to cross-examine the victim regarding his pending criminal charge. **See** Ghee's Brief at 5. Based upon the following, we affirm.

The facts and procedural history of this matter are thoroughly recounted in this Court's decision addressing Ghee's direct appeal, and the PCRA court's opinion, and therefore we do not restate the background of this

_____

* Former Justice specially assigned to the Superior Court.

case. ***See Commonwealth v. Ghee***, 106 A.3d 162 [326 MDA 2014] (Pa. Super. August 15, 2014) (unpublished memorandum); PCRA Court Opinion, 5/19/2015, at 1–2. We simply note that on August 15, 2013, a jury convicted Ghee and his co-defendant, Jemoni L. Ghee, of aggravated assault,[1] arising from a November 7, 2012 attack upon the victim, Clarence Green.

Ghee raises the following issue in this appeal:

Whether the [PCRA] court erred in finding that [Ghee] was not prejudiced by trial counsel's failure to cross-examine the victim regarding his pending criminal charge, thus denying [Ghee's] request and dismissing his PCRA action when:

  a. Aside from [Ghee] and his co-defendant, the victim was the only eye witness to the actual incident; and

  b. Despite the Commonwealth presenting other witnesses and evidence, the evidence that supported the elements required for a conviction of aggravated assault, as opposed to simple assault, stemmed from the victim's testimony.

Ghee's Brief at 5–6.

The principles that guide our review are well settled:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n.2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the

_____

[1] 18 Pa.C.S. § 2702(a)(1).

certified record. *Commonwealth v. Carr*, 2001 PA Super 54, 768 A.2d 1164, 1166 (Pa. Super. 2001).

\*\*\*\*

In reviewing a claim of ineffective assistance of counsel, we adhere to the following principles:

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 333 (1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* The petitioner bears the burden of proving all three prongs of the test. *Commonwealth v. Meadows*, 567 Pa. 344, 787 A.2d 312, 319-20 (2001).

> *Commonwealth v. Johnson*, 2005 PA Super 59, 868 A.2d 1278, 1281 (Pa. Super. 2005), *appeal denied*, 583 Pa. 680, 877 A.2d 460 (Pa. 2005). Moreover, "[t]rial counsel is presumed to have been effective[.]" *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 728 n.10 (Pa. 2000).

*Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa Super. 2007).

Ghee claims that his trial counsel, Todd Sponseller, Esquire, was ineffective for failing to cross examine the victim regarding his pending criminal charge in Franklin County.[2]  In this regard, Ghee relies on two

_____

[2] Ghee's Amended PCRA petition alleged, in relevant part:

*(Footnote Continued Next Page)*

- 3 -

cases: ***Commonwealth v. Murphy***, 591 A.2d 278 (Pa. 1991), and

***Commonwealth v. Davis***, 652 A.2d 885 (Pa. Super. 1995).[3]

At the PCRA hearing, Ghee testified he had informed Sponseller that the victim had a pending criminal matter, and asked Sponseller to cross examine the victim on his pending criminal charge to elicit possible bias for hopes of leniency. N.T., 3/19/2015, at 5. He further testified that Sponseller did not cross examine the victim as to any pending charges. ***Id.***

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

a. The prosecution's witness, the alleged victim, Mr. Green, had been charged with resisting arrest and his criminal case was pending prior to the incident giving rise to the above-captioned matter.

b. At the time of trial in the above-captioned matter, Mr. Green was awaiting sentencing.

c. [Ghee's] counsel was made aware of Mr. Green's pending criminal case well in advance of trial; in fact, [Ghee] discussed with his trial counsel the fact that Mr. Green had a case pending.

d. Trial counsel did not cross-examine Mr. Green regarding his pending criminal case.

e. Trial counsel did not attempt to demonstrate any potential bias of Mr. Green through cross-examination, or otherwise.

Ghee's Amended PCRA Petition, 1/9/2015, at ¶16.

[3] We note that in ***Murphy*** and ***Davis*** the issue of ineffectiveness of counsel was raised on direct appeal.

at 6. The PCRA court took judicial notice of the victim's trial court docket,[4] and the trial testimony of the victim. *Id.* at 6–7. According to Ghee, Sponseller did not ask the victim about his pending criminal charge because he did not want to be too hard on the victim in front of the jury. *Id.* at 8. Ghee, however, did not call Sponseller as a witness at the PCRA hearing. The PCRA court denied relief, concluding Ghee had failed to satisfy the prejudice prong of the ineffectiveness test. *Id.* at 6. This appeal followed.[5]

Ghee argues the PCRA court erred in determining he was not prejudiced by trial counsel's failure to cross-examine the victim regarding the victim's pending charge. The Commonwealth, for its part, argues that Ghee's claim fails for two reasons: one, because Ghee did not offer trial counsel's testimony at the PCRA hearing to establish the second prong of the ineffectiveness test, *i.e.*, that trial counsel did not have a reasonable basis

_____

[4] The Commonwealth, in its brief, states:

> At the time of [Ghee's] trial the victim was awaiting sentencing having entered a guilty plea on February 18, 2013, to M2 Resisting Arrest with a plead to sentence of six months of intermediate punishment with the first 30 days on electronic monitoring; sentencing to be deferred until after April 30, 2013.

Commonwealth's Brief at 3–4.

[5] Ghee timely complied with the order of the PCRA court to file a statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

for his actions; and two, because Ghee failed to prove the third prong of the ineffectiveness test, *i.e.*, prejudice.

The PCRA court, in denying Ghee's request for PCRA relief, opined:

> In his Amended PCRA Petition, [Ghee] alleges that Attorney Sponseller was ineffective for failing to cross-examine Clarence Green regarding his pending criminal charges in Franklin County. Amended PCRA [Petition] ¶ 12. [Ghee] testified that he had informed Attorney Sponseller that the victim had pending criminal charges. According to [Ghee], Attorney Sponseller did not ask the victim about his pending criminal charges because he did not want to be too hard on the victim in front of the jury.[5]
>
> In support of his argument that Attorney Sponseller was ineffective for failing to cross-examine the victim, [Ghee] cites to **Commonwealth v. Murphy**, 591 A.2d 278 (Pa. Super. 1991) and **Commonwealth v. Davis**, 652 A.2d 885 (Pa. Super. 1995). In both those cases, the Superior Court made it clear that the contention that counsel was ineffective for failing to question a witness regarding possible bias as the result of pending criminal charges has merit and that there is no reasonable basis or strategy for counsel's failure.[6] The Superior Court also concluded that in both those cases, the defendants were prejudiced by counsel's failure to cross-examine a witness regarding his pending criminal charges or juvenile probationary status.

_____

[5] The record is clear that neither Attorney Sponseller, nor Jemoni's attorney questioned the victim regarding his pending criminal charges. Instead both attorneys spent the majority of their cross-examination impeaching the victim with prior inconsistent statements.

[6] The Commonwealth asserts that [Ghee's] claim for relief on the basis of ineffective assistance of counsel should be denied as Attorney Sponseller was not called as a witness at the evidentiary hearing. Brief in Opposition pp. 2-3. However, in light of **Murphy** and **Davis**, Attorney Sponseller's testimony regarding his trial strategy was

not necessary for [Ghee] to satisfy the second prong of [the ineffectiveness test].

_____

However, **_Murphy_** and **_Davis_** are distinguishable from [Ghee's] case. In **_Murphy_**, the defendant was charged in connection with the shooting death of Steven Brown, when two children who were interviewed a short time after the shooting and gave vague descriptions of the gunman, were re-interviewed four years later and identified the defendant as the shooter. At the time the two children testified at trial one of them was on juvenile probation and the other had just completed juvenile probation. 591 A.2d at 278. The child on juvenile probation was the only eyewitness to the crime and her testimony was crucial to the case. **_Id._** at 280. Defense counsel never cross-examined her regarding her juvenile probationary status in an attempt to show bias, whether based on a formal agreement or her subjective belief that she would receive favorable treatment. **_Id._** The jury ultimately found the defendant guilty of first degree murder and he was sentenced to death. **_Id._** at 278.

In **_Davis_**, the jury convicted the defendant of attempted rape after hearing both his and the victim's version of events on the day in question. 652 A.2d 885. There were no other witnesses who corroborated the victim's testimony. **_Id._** On appeal the Superior Court held that counsel's error in not cross examining the victim regarding her pending criminal history in order to suggest that the victim was biased was not harmless error. **_Id._**

In [Ghee's] case, in addition to the victim's testimony, the jury heard testimony from at least ten other witnesses and viewed nearly eighty exhibits. The jury saw surveillance footage from Hollywood Casino, placing [Ghee], Jemoni, and the victim together on the night of the assault. Comm. Ex. 68. There was testimony regarding the evidence found at the crime scene. N.T. 8/12/13 p. 33; N.T. 8/14/13 p. 129. The jury viewed photographs of the area where the victim was found by a passing motorist which depicted blood and clothing strewn about. Comm. Exs. 62-67, 69-72. The jury heard expert testimony from the trauma physician who treated the victim at York Hospital that the victim suffered from abrasions, lacerations, a fractured nasal bone, a fractured hyoid bone,

fractured ribs, and a severe liver injury. N.T. 8/13/13 p. 90. According to the trauma physician, the liver injury was caused by blunt force trauma (exact mechanism unknown) and the hyoid bone fracture was the result of being strangled or struck. N.T. 8/13/13 pp. 94-95. The jury viewed photos of the victim's injuries. Comm. Exs. 1-5, 54-57. Additionally, trash bags containing [Ghee] and Jemoni's clothing worn on the day of the assault were found in the dumpster near their townhome. N.T. 8/13/13 pp. 125, 162; N.T. 8/15/13 pp. 38-39. There was expert testimony that the victim's blood was identified on [Ghee's] sweatshirt. N.T. 8/14/13 p. 123. Further, the police officer that executed the search warrant on [Ghee's] person testified that [Ghee] had injuries consistent with being involved in an assault. N.T. 8/14/13 pp. 53-56. Most striking, [Ghee] took the stand and acknowledging that he had fought with the victim on the night of November 7, 2012 (albeit he asserts that the victim was the initial aggressor). N.T. 8/15/13 pp. 32-36.

The Court finds that [Ghee] was not prejudiced by Attorney Sponseller's failure to cross-examine the victim regarding his pending criminal charge as evidence from numerous sources, including [Ghee's] own testimony, corroborated the victim's testimony. *See Commonwealth v. Gentile*, 640 A.2d 1309, 1314 (Pa. Super. 1994). Considering the overwhelming evidence against [Ghee] and Jemoni, independent of the victim's testimony at trial, [Ghee] has not demonstrated that, but for Attorney Sponseller's failure, the result of the proceedings would have been different. Therefore, [Ghee] is not entitled to relief on the basis that Attorney Sponseller was ineffective.

PCRA Court Opinion, 5/19/2015, at 4–6.

Based on our review, we conclude the PCRA court properly determined that Ghee failed to satisfy the third prong (prejudice) of the ineffectiveness test. In this respect, we adopt the opinion of the PCRA court.

We note, moreover, that we are persuaded by the Commonwealth's position that because Ghee did not present trial counsel at the hearing, he failed to establish the second prong of the ineffectiveness test. As such, our

reasoning departs from the rationale of the PCRA court, which found that "in light of **Murphy** and **Davis**, Attorney Sponseller's testimony regarding his trial strategy was not necessary for [Ghee] to satisfy the second prong of [the ineffectiveness test]." PCRA Court Opinion, 5/19/2015, at 4 n.6.

In **Murphy**, trial counsel discussed the scope of allowable cross examination with the court at a recorded in-chambers conference, during which he revealed his own ignorance regarding his ability to impeach the witnesses. On appeal to the Pennsylvania Supreme Court, the Court reasoned:

> Defense counsel erroneously sought to impeach the testimony of the juvenile witnesses on impermissible grounds [*crimen falsi*] while at the same time, due to ignorance, failed to impeach their credibility on legitimate grounds – to show bias of the witnesses based upon his or her juvenile probationary status. …

> We can perceive of no reasonable basis for counsel's failure to cross-examine [the female witness] on the basis of her then existing probationary status.

**Murphy**, 591 A.2d at 280. Therefore, it was clear from the trial record in that counsel's failure to cross examine the witnesses was due to his misconception of the law and, as such, there could be no reasonable basis for his actions.

In **Davis**, where the appellant asserted trial counsel was ineffective in failing to impeach the credibility of the victim with evidence of her pending criminal charges, this Court opined:

> Although the existing record does not enlighten us as to trial counsel's reasons for his conduct, it is highly improbable that

- 9 -

trial counsel would intentionally forgo an attempt to demonstrate the victim's possible bias as a matter of trial strategy, since the proposed impeachment could only have helped rather than hurt appellant's defense.

*Davis*, 652 A.2d at 889. This Court stated, "The second prong of the ineffectiveness test has thus been met," but went on to state:

As we are remanding this case for further proceedings, trial counsel nonetheless should be given the opportunity to explain why he chose not to cross-examine the witness with regard to her pending criminal charges.

*Id.* at 889 and n.4. Additionally, this Court clarified that on remand the evidentiary hearing should address, *inter alia*, "whether trial counsel had any reasonable basis for failing to cross-examine the victim with respect to her convictions." *Id.* at 890 n.5.

Here, in contrast to *Murphy*, the trial record does not disclose trial counsel's reasoning regarding cross examination of the victim. Furthermore, the *Davis* Court recognized the need for an evidentiary hearing to determine the basis for trial counsel's actions. Therefore, contrary to the PCRA court's analysis, we do not regard *Murphy* or *Davis* to stand for the proposition that trial counsel's failure to cross examine a witness regarding pending charges to show bias, as in this case, is *per se* proof of the second prong of the ineffectiveness test.

Our conclusion is reinforced by the recent decision in *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775 (Pa. Super. 2015), *appeal denied*, 123 A.3d 331 (Pa. 2015), wherein this Court instructed:

> [A] lawyer should not be held ineffective without first having an
> opportunity to address the accusation in some fashion. In fact,
> our Supreme Court has cautioned against finding no reasonable
> basis for trial counsel's actions in the absence of supporting
> evidence. The fact that an appellate court, reviewing a cold trial
> record, cannot prognosticate a reasonable basis for a particular
> failure to raise a plausible objection does not necessarily prove
> that an objectively reasonable basis was lacking.

*Id.* at 783 (quotations, citations and footnote omitted). Accordingly, we find that because Ghee did not call trial counsel as a witness at the PCRA hearing, he failed to establish that trial counsel lacked a reasonable basis for his actions.

Based on the foregoing, we conclude that Ghee failed to satisfy both the second and third prongs of the ineffectiveness test. Accordingly, we affirm the PCRA court's denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016

- 11 -